UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PEDRO CERUTTI, JR. ,

    Plaintiff,

v.                                              Case No:  6:12-cv-1430-Orl-18TBS

ORANGE COUNTY CORRECTIONS,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* and Affidavit of Indigency.

### I. Background

Plaintiff's Complaint states in its entirety:

> My name is Pedro Cerutti Jr. Sept. 21. 2011 I was arrested at orange county court house for not paying court fines.  As in A WRIT.  I was transported to the orange county jail.  When I was force to be strip search for nothing.  When its illegal in the forth Amendment.  This happen in the booking lobby not the general population.  Correction officers admitted to their action and violated their policy for the orange county jail.  All information was already given to federal clerk office as in Video 1, 2, Also officer misconduct report.  This is my forth time im filling out my finacial status. (sic).

(Doc. 1).

Plaintiff has filed five other cases in Federal Court, all based upon the same

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

incident and arising from the same facts stated here.[2]  In Case No. 6:11-cv-1643, Plaintiff sought to compel the Orange County Sherriff's Department to provide him with a copy of a video tape that he believes captures the injustice done to him.  (Doc. 1).[3]  Plaintiff filed a motion to proceed *in forma pauperis* and initially the Magistrate Judge ordered that Plaintiff file an amended complaint within 21 days and directed the Clerk to mail Plaintiff a copy of the civil rights complaint form.  (Doc. 3).  Plaintiff filed an amended complaint stating that his constitutional rights were violated by the Orange County Sherriff's Department and the Orange County Jail 33rd Street because officials there would not let Plaintiff fill out an incident report.  (Doc. 5).  The Magistrate Judge issued a report recommending that Plaintiff's claim be dismissed without prejudice.  (Doc. 7).  Plaintiff objected, but the Court overruled his objections and adopted the Report and Recommendation.  (Doc. 9).  Then Plaintiff filed a second amended complaint which attached Plaintiff's objections to the Report and Recommendation to a brief statement maintaining that there was no other information available for Plaintiff to allege in the action.  (Doc. 10).  Again, the Magistrate Judge recommended that the Court dismiss the case for Plaintiff's failure to state a claim, this time, with prejudice. (Doc. 12).  The Court adopted the Magistrate's recommendation and dismissed the case.  (Doc. 14).

In Case No. 6:11-cv-1900-Orl-19DAB, Plaintiff sued the Orange County Jail 33rd Street, alleging that on September 21, 2011, he was arrested on a writ for not paying court fines and taken to jail where he was tortured, falsely accused and his property was

---

[2] The Court takes judicial notice of the documents filed in prior cases Case No. 6:11-cv-1643-Orl-31KRS; Case No. 6:11-cv-1900-Orl-19DAB; Case No. 6:11-cv-2023-Orl-28KRS; Case No. 6:12-cv-340-Orl-28KRS; Case No. 6:12-cv-399-Orl-18TBS.

[3] All docket references in this paragraph are to Case No. 6:11-cv-1643-Orl-31KRS.

destroyed (officers allegedly ripped the bar code off his lottery ticket).  (Doc. 1).[4]  The Court determined that Plaintiff's initial complaint failed to allege any violation of his constitutional rights, dismissed the action and directed the Clerk of Court to close the case.  (Doc. 4).  Undeterred, Plaintiff filed an amended complaint alleging sexual harassment, false accusations, destruction of property and extortion.  (Doc. 5).  The Court found the amended complaint suffered from the same deficiencies as the original and that amendment would be futile; it refused to reopen the case, and dismissed Plaintiff's amended complaint sua sponte.  (Doc. 8).

Next, Plaintiff filed Case No. 6:11-cv-2023-Orl-28KRS alleging that on September 21, 2011, he was arrested on a writ and transported to the Orange County Jail.  (Doc. 1).[5] Upon his release, he was charged with indecent exposure of his genitals to corrections officers.  (Id.)  Again, he referenced false accusations, a false report, sexual harassment, extortion, and destruction of his property.  (Id.)  In her Report and Recommendation, the Magistrate Judge observed that Plaintiff's complaint suffered from the same deficiencies identified by the Court in Case No. 6:11-cv-1900-Orl-19KRS and that there was no basis for giving Plaintiff leave to file an amended complaint.  This Report and Recommendation was adopted and confirmed, the case was dismissed, and the Clerk of Court was directed to close the file.  (Doc. 10).

Plaintiff filed yet another lawsuit against the Orange County Corrections Department, Case No. 6:12-cv-340-Orl-28KRS, alleging in its entirety:

> I want to press charges on Orange County correction officers
> for false accusation, sexuall herrasment destruction of my
> property, extortion.  I want justice because Im the victim.  /s/

---

[4] All docket references in this paragraph are to Case No. 6:11-cv-1900-Orl-19DAB.
[5] All docket references in this paragraph are to Case No. 6:11-cv-2023-Orl-28KRS.

- 3 -

      Pedro Cerutti Jr. (sic).

(Doc. 1).[6] The Magistrate Judge recommended that the Court dismiss this case without leave to amend. (Doc. 6). In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff again referenced the destruction of the lottery ticket, sexual harassment, destruction of his property, a false accusation of indecent exposure, extortion, and torture. (Doc. 7). The Court overruled the objections, adopted and confirmed the Report and Recommendation, dismissed the case and directed the Clerk of Court to close the file. (Doc. 8).

      Then Plaintiff filed another lawsuit, Case No. 6:12-cv-399-ORL-18TBS, alleging as he does here, that the Orange County Corrections Department illegally strip searched him upon his arrival at the jail in violation of the Fourth Amendment and jail policy. (Doc. 1).[7] The Court twice denied Plaintiff's motions to proceed *in forma pauperis* without prejudice. (Docs. 5, 9). After Plaintiff filed his second amended complaint and his third motion to proceed *in forma pauperis*, I issued a report recommending that Plaintiff's motion be denied and that his claim be dismissed with prejudice for a failure to state a claim. (Doc. 15). In doing so, I noted Plaintiff's filing history and the recent decision in Florence v. Board of Chosen Freeholders of County of Burlington, which holds that correctional officers may perform a strip search as part of the intake (booking) process on all individuals to be admitted to the general population of the jail, even if those individuals were arrested for minor offenses. (Doc. 15); 132 S. Ct. 1510, 1523 (2012). The Court adopted the report and recommendation and dismissed Plaintiff's claim. (Doc. 16). Plaintiff then filed a motion for reconsideration, which I reviewed and recommended be

---

[6] All docket references in this paragraph are to Case No. 6:12-cv-340-Orl-28KRS.
[7] All docket references in this paragraph are to Case No. 6:12-cv-399-Orl-18TBS.

denied. (Doc. 19). Plaintiff has filed objections to that Report and Recommendation (Doc. 20), upon which the Court has yet to act.

## II. Discussion

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Nevertheless, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

This is Plaintiff's sixth lawsuit and the eleventh iteration of his complaint attempting to sue the Orange County Corrections Department over his treatment on September 21, 2011. His previous cases were all dismissed with prejudice for failure to state a cause of

action after the Court concluded that amendment would be futile. It is respectfully submitted that nothing has changed; Plaintiff still does not state a cause of action and there is no reason to believe that if granted leave to amend, he could plead a viable cause of action, particularly in light of the Supreme Court's decision that a strip search occurring during the intake (booking) process for individuals being admitted into the general population of a jail, even for individuals who have committed minor offenses, is not a violation of the Fourth Amendment. <u>Florence v. Board of Chosen Freeholders of County of Burlington</u>, 132 S. Ct. 1510, 1523 (2012).

### III.  Recommendation

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court:

(1) **DENY** Plaintiff's motion to proceed *in forma pauperis*;

(2) **DISMISS** this case with prejudice; and

(3) Direct the Clerk of the Court to close the file.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on the 27th day of September, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Plaintiff